# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| INDIANAPOLIS MOTOR SPEEDWAY, LLC, | ) |
| Counterclaimant, | ) ) ) |
| vs. | ) Cause No. 1:16-cv-2182-WTL-DLP ) |
| KARMA INTERNATIONAL, LLC, | ) ) |
| Counterclaim Defendant. | ) |

## ENTRY ON PENDING MOTIONS

This cause is before the Court on the motions in limine filed by Counterclaimant Indianapolis Motor Speedway, LLC ("IMS") (Dkt. No. 75) and the motion for entry of a Rule 54(b) judgment filed by Counterclaim Defendant Karma International, LLC ("Karma") (Dkt. No. 88). The Court, being duly advised, **GRANTS** IMS's motions and **DENIES** Karma's motion for the reasons and to the extent set forth below.

## Motions in Limine

IMS asks the Court to exclude four categories of evidence: (1) evidence related to "Karma's purported extra-contractual claims against IMS and any evidence not relevant to IMS's Counterclaim"; (2) "other irrelevant and/or non-probative evidence," including (a) objections raised in discovery; (b) personal beliefs or past experiences of counsel; and (c) the filing of motions in limine; (3) "other unfairly prejudicial and/or inflammatory evidence", including (a) "discovery requests during trial; and (b) "calling or not witnesses"; and (4) "evidence not properly disclosed in the case," i.e. undisclosed witnesses and documents not produced in discovery or listed on the final exhibit list.

Karma has no objection to an order in limine being entered with regard to the latter three categories, which, frankly, simply amount to asking the Court to enforce the applicable rules of evidence and procedure.

With regard to the first category, Karma also does not object, except to the extent that IMS might be seeking to exclude evidence relating to Karma's contention that IMS breached the parties' contract and therefore may not recover on its own breach of contract counterclaim. The parties' filings relating to jury instructions indicate that there is a disagreement with regard to whether Karma is entitled to make such an assertion at trial. IMS's position is that Karma is precluded from doing so by the Court's summary judgment ruling. However, the Court granted summary judgment in favor of IMS on Karma's breach of contract claim solely because Karma did not point to any evidence of record from which a reasonable jury could find that it suffered damages as a result of any breach by IMS. Indeed, the Court found that, viewing the evidence in the light most favorable to Karma, IMS *did* breach the parties' contract, assuming, as IMS did for purposes of its summary judgment ruling, that the contract consisted of the document attached to Karma's complaint. *See* Dkt. No. 71 at 8. Therefore, IMS's position that the summary judgment ruling precludes Karma from arguing at trial that IMS breached the contract is without merit.

An examination of the elements of an action for breach of contract of Indiana law demonstrates the fallacy of IMS's argument. As the Indiana Court of Appeals recently stated:

> We observe that "[t]he essential elements of a contractual action may be categorized as follows: (1) a valid and binding contract; (2) performance by the complaining party; (3) non-performance or defective performance by the defendant; and (4) damages arising from defendant's breach."

*U.S. Research Consultants, Inc. v. County of Lake*, 89 N.E.3d 1076, 1086 (Ind. Ct. App. 2017), *transfer denied,* 2018 WL 1276822 (Ind. Mar. 9, 2018) (quoting *Strong v. Commercial Carpet*

2

*Co.*, 322 N.E.2d 387, 391 (1975), *clarified on reh'g*, 324 N.E.2d 834). The fact that Karma's breach of contract claim failed at the summary judgment stage with regard to the fourth element is simply not relevant to Karma's assertion that the jury should find that IMS's breach of contract counterclaim fails with regard to the second element. In other words, if IMS had not moved for summary judgment and both claims had gone to trial, the jury could have determined that (1) the parties had a valid and binding contract; (2) IMS failed to perform under the contract; . . . and (4) Karma failed to prove that it suffered damages arising from IMS's breach. If that were to occur, neither party would be entitled to recover; IMS because it failed to satisfy element two with regard to its counterclaim, and Karma because it failed to satisfy element four as to its breach of contract claim. The result would be the same regardless of the jury's finding with regard to element three—that is, whether or not the jury found that Karma breached the contract.

With that understanding, the Court **GRANTS** each of IMS's motions in limine. The Court notes that the granting of a motion in limine is not a final ruling regarding the admissibility of the evidence at issue. Rather, it simply prohibits any party from eliciting testimony regarding or otherwise mentioning a particular issue during trial without first seeking leave of Court outside of the presence of the jury. Therefore, a party who wishes to elicit testimony or introduce evidence regarding a topic covered by a motion in limine that has been granted should request a sidebar conference during the appropriate point in the trial, at which time the Court will determine how best to proceed. Parties should always err on the side of caution and interpret rulings on motions in limine broadly, requesting a bench conference before eliciting testimony or offering evidence that is even arguably covered by a ruling in limine and avoiding mention of such topics during voir dire, opening statements, and closing argument. Counsel shall also carefully instruct each witness regarding subjects that should not be mentioned or alluded to

during testimony unless and until a finding of admissibility is made by the Court.  Finally, if a motion in limine regarding a topic has been granted as to one party, it shall be treated as being granted with regard to all parties.

## **Rule 54(b) Motion**

As alluded to above, the Court entered summary judgment in favor of IMS as to the single claim in Karma's Complaint, leaving only IMS's counterclaim to be decided at trial. Karma now asks the Court to enter judgment on its breach of contract claim pursuant to Federal Rule of Civil Procedure 54(b), which provides

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

While the first requirement of Rule 54(b) is satisfied in this case, inasmuch as Karma's breach of contract claim has been fully resolved, the Court finds that the second requirement is not.  There is, in fact, a just reason for delaying the entry of judgment until after IMS's counterclaim is resolved—the avoidance of piecemeal appeals.  The Seventh Circuit has held that

> [t]he scope of Rule 54(b) must . . . be confined to situations where one of multiple claims is fully adjudicated—to spare the court of appeals from having to keep relearning the facts of a case on successive appeals. If there are different facts (and of course different issues) consideration of the appeals piecemeal rather than all at once will not involve a duplication in the efforts required of the judges to prepare for argument in, and to decide, each appeal.  Even if two claims arise from the same event or occurrence, they may be separable for Rule 54(b) purposes if they rely on entirely different legal entitlements yielding separate recoveries, rather than different legal theories aimed at the same recovery.

*Marseilles Hydro Power, LLC v. Marseilles Land & Water Co.*, 518 F.3d 459, 464 (7th Cir. 2008) (citations and internal quotation marks omitted).  In this case, there is a great deal of overlap between the facts relevant to IMS's counterclaim and those relevant to Karma's claim.

As the discussion above indicates, what each party's obligations were under the contract and whether those obligations were fulfilled is an element of both parties' claims. Accordingly, the potential that entering a Rule 54(b) judgment would require the court of appeals to relearn the relevant facts is significant. In addition, Karma does not only ask that it be permitted to appeal now, but also that the trial of IMS's case be postponed pending that appeal. However, the trial is scheduled for a few weeks from now; thus, the delay of the resolution of IMS's claim would be significant. That delay is certain, while, on the other hand, it is possible, but not certain, that a second trial will be required following Karma's appeal. Accordingly, the Court declines to enter a Rule 54(b) judgment.

SO ORDERED: 5/18/18

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification