UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| INDIANAPOLIS MOTOR SPEEDWAY, LLC, | ) |
| Counterclaimant, | ) |
| vs. | ) Cause No. 1:16-cv-2182-WTL-DLP |
| KARMA INTERNATIONAL, LLC, | ) |
| Counterclaim Defendant. | ) |

### ENTRY ON POST-JUDGMENT MOTIONS AND BILL OF COSTS

This cause is before the Court on the Renewed Motion for Judgment as a Matter of Law under Federal Rule of Civil Procedure 50(b) or Alternatively for a New Trial on Counterclaim Plaintiff Indianapolis Motor Speedway, LLC's Counterclaim (Dkt. No. 109) filed by Counterclaim Defendant Karma International, LLC ("Karma"); Karma's Motion to Amend or Alter Judgment and for New Trial on Its Breach of Contract Claim (Dkt. No. 110). The Court, being duly advised, **DENIES** Karma's motions for the reasons set forth below. The Court also taxes costs in the amount of $7,142.48.

### I. BACKGROUND

This case arises out of an agreement between Plaintiff-Counterclaim Defendant Karma International, LLC, ("Karma") and Defendant-Counterclaimant Indianapolis Motor Speedway, LLC, ("IMS") pursuant to which Karma would host a party during the 2016 Indy 500 race weekend (hereinafter referred to as the "Maxim Party"). The Maxim Party would be marketed by both IMS and Karma and would use both the official Indy 500 brand and the Maxim brand. Each party alleged that the other did not fulfill its obligations under the agreement. The Court granted summary judgment in favor of IMS on Karma's claim because Karma failed to point to

evidence from which a reasonable jury could find that it was damaged by any breach of the agreement by IMS. The case proceeded to a jury trial on IMS's counterclaim. The jury returned a verdict in favor of IMS in the amount of $75,000.00. Judgment was entered accordingly.

## II. KARMA'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW (DKT. NO. 109)

In Karma's Renewed Motion for Judgment as a Matter of Law, Karma timely renews the motion it made pursuant to Federal Rule of Civil Procedure 50 at the close of evidence at trial. "Judgment as a matter of law is proper if a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." *Thorne v. Member Select Ins. Co.*, 882 F.3d 642, 644 (7th Cir. 2018) (citation omitted). In considering a Rule 50 motion, the Court must

> construe the trial evidence strictly in favor of the party who prevailed before the jury. Although [the Court] must determine that more than a mere scintilla of evidence supports the verdict, [the Court does] not make credibility determinations or weigh the evidence. In other words, [the Court's] job is to decide whether a highly charitable assessment of the evidence supports the jury's verdict or if, instead, the jury was irrational to reach its conclusion.

*Id.* (citations and internal quotation marks omitted).

Under Indiana law,

> [t]he essential elements of a breach of contract action are the existence of a contract, the defendant's breach thereof, and damages. Generally, the measure of damages for breach of contract is either such damages as may fairly and reasonably be considered as arising naturally, i.e., according to the usual course of things from the breach of contract itself, or as may be reasonably supposed to have been within the contemplation of the parties at the time they entered into the contract as a probable result of the breach. A promisor is not required to compensate the injured party for injuries which, when the contract was made, the promisor had no reason to believe would be a probable result of the breach. *The test for measuring damages is foreseeability at the time of entry into the contract, not facts existing and known to the parties at the time of the breach; the test is an objective one.* Conversely, damages which do not arise naturally from the breach of contract, or which are not within the contemplation of the parties at the time the contract is entered into, are not recoverable.

*Rogier v. American Testing & Eng'g Corp.*, 734 N.E.2d 606, 614 (Ind. Ct. App. 2000) (citations omitted) (emphasis added). Karma argues that "judgment must be entered as a matter of law in favor of Karma on IMS's breach of contract counterclaim as IMS failed to present any evidence at trial that IMS reasonably anticipated it would suffer damages if Karma failed to deliver to IMS a banner ad on Maxim.com or marketing support via Maxim social channels for IMS Music events." Dkt. No. 109-2 at 6. However, given that the standard for foreseeability is an objective one, Karma is incorrect that IMS was required to offer evidence of what it *actually* anticipated with regard to potential damages at the time the agreement was reached. Rather, "[t]he issue of foreseeability of damages is generally to be determined by the trier of fact," and a party asserting a breach of contract claim is "entitled to present evidence of the breach and resulting damages and have the trier of fact determine what was reasonably foreseeable at the time of contracting." *WESCO Distribution, Inc. v. ArcelorMittal Indiana Harbor LLC*, 23 N.E.3d 682, 710 (Ind. Ct. App. 2014). Karma does not argue that there was no evidence that IMS suffered damages; there clearly was, in the form of expert testimony. Karma also does not argue that the type of damages about which the expert testified could not "fairly and reasonably be considered as arising naturally, i.e., according to the usual course of things from the breach of contract itself." *See Rogier*, 734 N.E.2d at 614. And, in any case, there was ample evidence at trial from which the jury reasonably could have concluded that the damages in question were reasonably foreseeable by the parties. *See* Dkt. No. 126 at 10-11 (citing to relevant trial testimony). Accordingly, Karma's Rule 50 motion is **DENIED**.

Karma's motion also argues in the alternative that it is entitled to a new trial pursuant to Federal Rule of Civil Procedure 59(a) because the jury's verdict was against the weight of the evidence presented at trial. Rule 59(a)(1)(A) provides that a district court may order a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal

court." "[A] new trial is appropriate if the jury's verdict is against the manifest weight of the evidence or if the trial was in some way unfair to the moving party." *Martinez v. City of Chicago*, 900 F.3d 838, 844 (7th Cir. 2018) (citation omitted).

> When considering whether the jury's verdict goes against the manifest weight of the evidence, a court analyzes the general sense of the evidence, assessing the credibility of the witnesses and the comparative strength of the facts put forth at trial. But a verdict will be set aside as contrary to the manifest weight of the evidence only if no rational jury could have rendered the verdict. Moreover, jury verdicts deserve particular deference in cases with simple issues but highly disputed facts.

*Willis v. Lepine*, 687 F.3d 826, 836-37 (7th Cir. 2012) (citations and internal quotation marks omitted). For the reasons set forth below, Karma's Rule 59(a) motion is **DENIED**.

Karma's first argument is based on its position that the parties' agreement obligated IMS to send a dedicated email advertising the Maxim Party to IMS's entire email database. Because it did not do so, Karma argues, the jury could not reasonably have found that IMS fulfilled its obligations under the agreement, in which case IMS was not entitled to recover for any breach of the agreement by Karma. However, the written agreement did not specify that the email was to be sent to IMS's *entire* email database, and the jury was entitled to credit the testimony of Jarrod Krisiloff that it did not and would not agree to such a term. *See* Dkt. No. 119 at 103-07 (explaining why that is the case).

Karma also argues that the evidence at trial that Karma complied with its obligations under the parties' agreement was "overwhelming":

> No one from IMS ever disputed at trial Marer's testimony that Karma, IMS, and Maxim participated in a conference call regarding Karma's deliverables under the Trade Agreement during which Karma introduced IMS to the personnel at Maxim who would assist IMS in preparing the advertisements it was to receive under the Trade Agreement, including the banner ad and social media advertising. It is further undisputed on the record that no one from IMS ever contacted Karma to request or ask about the status of the banner ad or the social media advertising, and accordingly IMS waived the right to enforce any obligation regarding the same under the Trade Agreement.

Dkt. No. 109-2 at 10 (citing trial transcript).  However, the parties' agreement was not that Karma would introduce IMS to personnel at Maxim; it was that IMS would receive a "[b]anner ad on Maxim.com (minimum 1 million impressions)" and "[m]arketing support via Maxim social channels for IMS Music events (Carb Day, Legend's Day and Indy 500 Snake Pit)."  Trial Exhibit 4.  The evidence at trial was sufficient for the jury to conclude that Karma was responsible for those "deliverables" under the parties' agreement, that IMS did not receive it, and therefore that Karma did not fulfill its obligations under the agreement.

Finally, Karma reasserts the arguments it made in its Rule 50 motion as a reason it is entitled to a new trial or a remitittur; for the same reasons, the Court finds those arguments unpersuasive in the Rule 59(a) context.

### III.  KARMA'S MOTION TO ALTER OR AMEND JUDGMENT (DKT. NO. 110)

In its Motion to Amend or Alter Judgment and for New Trial on Its Breach of Contract Claim, Karma argues that the Court committed a manifest error of law by entering summary judgment in favor of IMS on Karma's breach of contract claim.  All of the arguments raised by Karma in this motion were addressed in the Court's summary judgment ruling, and "a Rule 59(e) motion is not to be used to 'rehash' previously rejected arguments." *Vesely v. Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014).  Because nothing in Karma's motion convinces the Court that its summary judgment ruling was erroneous, the motion is **DENIED**.

### IV.  BILL OF COSTS

IMS filed a bill of costs seeking a total of $32,342.48 (Dkt. No. 106); Karma filed an objection (Dkt. No. 108); and IMS filed a response to the objection in which it conceded Karma's arguments and amended its request to seek only the $7,142.48 to which Karma did not object.  Accordingly, costs are hereby taxed in the amount of $7,142.48.

SO ORDERED: 10/26/18

_____
Hon. William T. Lawrence, Senior Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification